IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CLAYTON E. SMITH                                                                      PLAINTIFF

        v.                        Civil No. 06-5122

WASHINGTON COUNTY DETENTION CENTER
and J. BROTHERTON, Detention Officer                                                  DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Clayton E. Smith filed this pro se civil rights action under 42 U.S.C. § 1983 on June 29, 2006. (Doc. 1.) Smith's in forma pauperis (IFP) application was returned without filing, and plaintiff was given until July 28, 2006, to return the IFP application with the certificate portion of the application completed by detention center personnel regarding plaintiff's inmate account. (Doc. 2.)

The order giving plaintiff until July 28, 2006, to submit his IFP application was returned the court as undeliverable. (Doc. 3.) To date, Smith has not responded to the order by returning the completed application, and Smith has not communicated with the court in any other way. Despite court staff's diligent efforts, a current address for plaintiff has not been located.

Local Rule 5.5(c)(2) provides in part as follows:

> Parties appearing *pro se*. It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. (Emphasis added.)

AO72A
(Rev. 8/82)

I therefore recommend that Smith's complaint be dismissed on the grounds that he has failed to prosecute this action or obey an order of the court. *See* Fed. R. Civ. P. 41(b). **Smith has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. Smith is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of August 2006.

                                              **/s/ Beverly Stites Jones**

                                              _____
                                              HON. BEVERLY STITES JONES
                                              UNITED STATES MAGISTRATE JUDGE